IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

AARON PRATER,

        Plaintiff,

v.

JOHNSON COUNTY COMMUNITY
COLLEGE, LEROY COX, JERRY
MARCELLUS, LARRY MCCLOUD, and
LEE CROSS,

        Defendants.

Case No. 23-CV-2572-EFM-TJJ

**MEMORANDUM AND ORDER**

    This matter is before the Court on Plaintiff's Motion for Leave to File Second Amended Complaint (ECF No. 31). Plaintiff seeks leave, pursuant to Fed. R. Civ. P. 15 and D. Kan. Rule 15.1, to file his proposed Second Amended Complaint that adds allegations addressing deficiencies raised in Defendants' pending motions to dismiss and two new claims for retaliation, one under the Food Safety Modernization Act and the other under Title IX. Defendants oppose the motion based on undue delay and futility. For the reasons set forth below, Plaintiff's motion is granted.

**I.    Factual and Procedural Background**

    Plaintiff filed his original petition in the Johnson County, Kansas District Court on September 14, 2023, asserting three counts: Count I - Kansas retaliatory discharge for whistleblowing against Defendant Johnson County Community College ("College"); Court II - First Amendment retaliatory discharge for exercising speech rights under 42 U.S.C. § 1983 against

Defendants Cox, Marcellus, McCloud, and Cross ("Individual Defendants"); and Count III - breach of contract against the College.[1]

On December 27, 2023, Defendants College and McCloud removed the case to this court.[2] Less than a week later, on January 2, 2024, Plaintiff filed an Amended Complaint.[3] On January 17, 2024, the College filed its motion to dismiss for failure to state a claim.[4] The Individual Defendants filed their respective motions to dismiss on February 5, 2024.[5]

The Court issued its Initial Order Regarding Planning and Scheduling on February 7, 2024, setting a scheduling conference for March 13, 2024.[6] The parties jointly filed a motion requesting a stay of discovery and pretrial proceedings on February 14, 2024. The Court granted the joint motion and stayed all discovery and pretrial proceedings as to all parties until the Court rules on Defendants' four pending motions to dismiss.[7]

Plaintiff requested and received multiple extensions of time to file his responses to Defendants' motions to dismiss.[8] On March 21, 2024, the Court stated in its Order that no

---

[1] *See* Pl.'s Petition attached to the Notice of Removal (ECF No. 1-1). Plaintiff's proposed amendment replaces his breach of contract claim in Count III with a claim for "Food Safety Modernization Act Retaliation." *See* Pl.'s proposed Second Am. Compl., ECF No. 31-2, at 23–24.

[2] Notice of Removal (ECF No. 1).

[3] Pl.'s Am. Compl. (ECF No. 7).

[4] ECF No. 10.

[5] ECF Nos. 15, 16, and 19.

[6] ECF No. 22.

[7] Order (ECF No. 24).

[8] ECF Nos. 14, 26, 29.

additional requests for extensions of time would be granted.[9] Plaintiff filed his motion for leave to file his second amended complaint on April 3, 2024, and he filed his responses to Defendants' motions to dismiss on April 3, 9, and 10, 2024. Defendants have filed their responses (ECF Nos. 38–40) in opposition to Plaintiff's motion, arguing it should be denied because he unduly delayed in filing it and because his proposed amendments are futile.

## II.     Legal Standards Governing Amendment of the Pleadings

Federal Rule of Civil Procedure 15(a) governs the amendment of pleadings before trial.  It provides that a party may amend a pleading "once as a matter of course" before trial if it does so within certain deadlines.[10] Other amendments are allowed "only with the opposing party's written consent or the court's leave."[11]  Rule 15(a)(2) also instructs that the court "should freely give leave when justice so requires."[12]  The court's decision to grant leave to amend a complaint, after the permissive period, is within the trial court's discretion and will not be disturbed absent an abuse of that discretion.[13]  The court may deny leave to amend upon a showing of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc."[14]

---

[9] Order (ECF No. 29).

[10] *See* Fed. R. Civ. P. 15(a)(1) ("A party may amend its pleading once as a matter of course no later than: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.").

[11] Fed. R. Civ. P. 15(a)(2).

[12] *Id*.; *accord Foman v. Davis*, 371 U.S. 178, 182 (1962).

[13] *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006).

[14] *Id*. (quoting *Foman*, 371 U.S. at 182).

Plaintiff has already filed an Amended Complaint shortly after the case was remanded from state court, so he must obtain leave under Rule 15(a)(2) to file his proposed Second Amended Complaint. Defendants raise undue delay and futility of amendment in opposition to Plaintiff's motion. Each will be addressed below.

### III.   Undue Delay

Defendants argue Plaintiff unduly delayed in requesting leave to file what would be his third complaint after filing half-hearted responses to the pending motions to dismiss. They argue the new factual allegations Plaintiff seeks to add are ones he has known about since before this lawsuit was filed in state court over 200 days ago. They also argue Plaintiff's two new proposed legal theories are ones that he could have asserted from this case's inception and which he attempts to assert now only because his existing claims are likely to be dismissed. Plaintiff denies any bad faith or dilatory motive is present. He points out his case was removed from state court in late December 2023, has been stayed on the joint motion of the parties since February 15, 2024, and no scheduling order has been entered.

It is well settled in the Tenth Circuit that "untimeliness alone is a sufficient reason to deny leave to amend."[15] When the party seeking amendment "knows or should have known of the facts upon which the proposed amendment is based but fails to include them in the original complaint, the motion to amend is subject to denial."[16] However, other than setting a deadline for the one amendment allowed "as a matter of course," Rule 15(a) does not set a deadline by which a party must amend its pleadings. Ordinarily, the Court sets a deadline for the parties to file motions to

---

[15] *Frank v. U.S. W., Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993).

[16] *Id.* at 1366 (quoting *Las Vegas Ice & Cold Storage Co. v. Far W. Bank*, 893 F.2d 1182, 1185 (10th Cir. 1990)).

4

amend the pleadings at the initial scheduling conference. Filing a motion to amend within that deadline is generally regarded as evidence that the motion is timely and any delay was not undue.[17]

The Court has not yet held a scheduling conference in this case because it has been stayed since February 15, 2024 upon the parties' joint motion. Plaintiff filed his motion requesting leave to amend his complaint contemporaneously with his responses to Defendants' motions to dismiss. Thus, some of his proposed amendment appears to address deficiencies and arguments made by Defendants in their motions. With respect to Plaintiff's two new claims, Defendants argue Plaintiff knew or should have known the facts giving rise to his two additional retaliation claims and raised them earlier. However, there is no evidence suggesting Plaintiff had a dilatory motive in not asserting the two new claims earlier or that any delay was unreasonable under the circumstances here, where the case was removed here less than six months ago, has been stayed most of that time, and is still in the early stages of litigation. The Court finds Plaintiff's motion for leave to amend his complaint should not be denied on the grounds of untimeliness or undue delay.

**IV.     Futility**

Defendants also argue Plaintiff's motion should be denied because all aspects of his proposed amended complaint are futile. They argue Plaintiff's existing claims against the College and the Individual Defendants are still deficient for all the reasons stated in the pending motions to dismiss. Defendants also argue Plaintiff's proposed new claim for retaliation under the Food Safety Modernization Act is futile because he did not exhaust his administrative remedies, and his proposed new claim for retaliation in violation of Title IX is futile because he fails to plead any

---

[17] *See Mochama v. Zwetow*, No. 14-2121-KHV-TJJ, 2015 WL 3449812, at *1 (D. Kan. May 29, 2015) (finding the plaintiff's motion for leave to amend his complaint was not untimely as the court had not yet held a scheduling conference and therefore had not yet set a deadline for the filing of motions to amend).

facts supporting the existence of a causal connection between his alleged complaints and his termination by the Board a year later in 2021.

In considering whether a proposed amendment is futile, the court uses the same analysis that governs a Fed. R. Civ. P. 12(b)(6) motion to dismiss for failure to state a claim.[18] Therefore, the court will deny an amendment on the basis of futility only when, accepting the well-pleaded allegations of the proposed amended complaint as true and construing them in the light most favorable to the plaintiff, the court determines the plaintiff has not presented a claim to relief that is plausible on its face.[19]  A complaint or amendment thereof need only make a statement of the claim and provide some factual support to withstand dismissal.[20]  It does not matter how likely or unlikely the party is to actually receive such relief, because for the purposes of dismissal all allegations are considered to be true.[21] The party opposing the proposed amendment bears the burden of establishing its futility.[22]

After reviewing the futility arguments raised by Defendants, the Court finds it will be most expedient and efficient, consistent with Fed. R. Civ. P. 1, to allow Plaintiff to file his Second Amended Complaint with all the additional factual allegations supporting his existing claims and proposed two new claims. The Court has previously found futility arguments lodged in response to a pro se plaintiff's motion to amend the complaint are "more appropriately resolved by the

---

[18] *Collins v. Wal-Mart, Inc.*, 245 F.R.D. 503, 507 (D. Kan. 2007).

[19] *Little v. Portfolio Recovery Assocs., LLC*, 548 F. App'x 514, 515 (10th Cir. 2013) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[20] *Twombly*, 550 U.S. at 555.

[21] *Id.* at 556.

[22] *See U.S. Bank Nat'l Ass'n v. Multi Serv. Corp.*, No. 15-CV-7502-EFM-KGS, 2015 WL 9272846, at *2 (D. Kan. Dec. 1, 2015) ("The party opposing the amendment has the burden to show the basis for denial.").

district judge, in the context of a motion for summary judgment or by way of a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) or (c)."[23] Other magistrate judges in this District have likewise found it is more efficient in some cases to permit amendment and decline to decide the motion on futility grounds, because it is a more thorough avenue to address the dispositive arguments at other procedural junctures, whether by virtue of a motion to dismiss or summary judgment.[24] Like those earlier cases, the Court here finds the issue of futility is better decided by the district judge on a dispositive motion. Such is especially true here when Defendants are asking the Court to rule for the first time in this District on the issue of whether Plaintiff's proposed retaliation claim under the Food Safety Modernization Act must first be administratively exhausted.[25]

Under the circumstances presented here, Plaintiff should be afforded the opportunity to amend his complaint at this early stage in the case to assert the additional factual allegations supporting his previously pled claims and the two new retaliation claims. Defendants will suffer no undue prejudice from allowing the requested amendment, other than the necessity of revising and refiling their prior motions to dismiss if they desire to do so. Pursuant to Rule 15(a)(2)'s dictate that the Court freely give leave to amend "when justice so requires," and consistent with Rule 1, the Court grants Plaintiff's request for leave to file his proposed Second Amended Complaint.

---

[23] *Moore v. Hebert*, No. 23-CV-2385-JAR-TJJ, 2024 WL 521762, at *2 (D. Kan. Feb. 9, 2024).

[24] *See Kramer v. Textron Aviation, Inc.*, No. 20-2341-HLT-GEB, 2022 WL 218750, at *7 (D. Kan. Jan. 25, 2022) (Birzer, J.) (finding the issue of futility was better decided by the district judge on a dispositive motion where little authority existed on the application of the GARA exception to this specific factual scenario); *JP Morgan Tr. Co. v. Mid-Am. Pipeline Co.,* No. 05-2231-JWL, 2007 WL 9724124, at *3 (D. Kan. Apr. 2, 2007) (O'Hara, J.) (finding the plaintiff's proposed amendments were not clearly futile and more appropriately resolved by the district judge in the context of a motion for summary judgment or by way of a motion to dismiss).

[25] *See* Def. College's Resp. (ECF No. 38) at 15–16 ("While it appears a court has yet to interpret the effect of [the] language in the specific context of a claim under the Food Safety Modernization Act, the language in [21 U.S.C.] § 399d(b)(5) is identical to that used in other federal statutes [where failure to exhaust is required.]").

*However*, if in the future Plaintiff decides to file another motion for leave to amend his complaint, he should bear in mind the valid concerns raised by Defendants regarding reactionary, piecemeal amendments. The Court will give serious consideration to those issues, as well as timeliness, undue delay, and Plaintiff's history of amendments in ruling on any future motion for leave to amend the complaint. Further requests to amend the complaint are discouraged.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Leave to File Second Amended Complaint (ECF No. 31) is granted. In accordance with D. Kan. Rule 15.1(b), Plaintiff shall file his proposed Second Amended Complaint **within five days of the date** of this order.

IT IS SO ORDERED.

Dated June 18, 2024, at Kansas City, Kansas.

Teresa J. James
U. S. Magistrate Judge